UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 3 0 2014
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| CLARENCE REX BURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:14-cv-02206 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 12/30/2014 |
| ) | Description: Pro Se Gen. Civil |
| OFFICE OF THE ATTORNEY GENERAL ) | |
| OF THE UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff alleges that the Attorney General of the United States and the United States Attorney for the District of Wyoming have violated his right to equal protection of the laws by having sought an enhanced sentence pursuant to 21 U.S.C. § 851. *See* Compl. at 1-2. According to plaintiff, these defendants rely on § 851 "to seek increased punishment as to the minority of federal criminal defendants who decided to exercise their constitutional guarantee to proceed to trial by jury as opposed to pleading guilty," and this practice "results in a discriminatory effect of a life sentence . . . ." *Id.* at 3. He asks that the Court direct the Attorney General to "evaluate whether utilization of 21 U.S.C. § 851 is in direct conflict with Attorney General Holder's Memorandum to U. S. Attorney Offices [dated] August 12, 2013." *Id.* at 6; *see id.*, Ex. (Memorandum dated August 12, 2013). If there is a conflict, and because defendants allegedly "have abused 21 U.S.C. § 851 for retaliation" against criminal defendants (such as plaintiff) who

4

choose to proceed to a jury trial, plaintiff asks to "be resentenced to any sentence that was available at the time of the original sentencing without utilization of the unconstitutional 21 U.S.C. § 851 practice." *Id.* at 6.

Insofar as plaintiff raises a challenge to his criminal sentence in the guise of a civil rights complaint, this case must be dismissed. Under 28 U.S.C. § 2255:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). In other words, "§ 2255 . . . is the proper means of attacking errors that occurred during or before sentencing," and "the only court with jurisdiction to hear [such claims] is the court that sentenced him . . . ." *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (citations omitted).

The Court will dismiss the complaint for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: 12/19/14